Matter of Saad (2024 NY Slip Op 00427)

Matter of Saad

2024 NY Slip Op 00427

Decided on January 31, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.

2021-02662
2022-00220 

[*1]In the Matter of Peter A. Saad, Jr., admitted as Peter Anthony Saad, Jr., a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Peter A. Saad, Jr., respondent. (Attorney Registration No. 4100061)

DISCIPLINARY PROCEEDINGS instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion dated June 3, 2022, under Appellate Division Docket No. 2022-00220, this Court immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(1) and (3), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 22, 2003, under the name Peter Anthony Saad, Jr.

Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial
District served the respondent with a notice of petition and a verified petition, both dated March 30, 2021, under Appellate Division Docket No. 2021-02662, containing ten charges of professional misconduct. The respondent served and filed an answer dated June 2, 2021, denying the charges, which was deemed timely served and filed by a decision and order on motion dated February 17, 2022. In a separate proceeding under Appellate Division Docket No. 2022-00220, the Grievance Committee served the respondent with a notice of petition and a verified petition, both dated January 13, 2022, containing two charges of professional misconduct. The respondent served and filed an answer dated March 22, 2022, denying the charges, which was deemed timely served and filed by a decision and order on motion dated June 3, 2022. By the same order, this Court immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and referred both disciplinary proceedings to the Honorable Lance D. Clarke, as Special Referee, to hear and report.
A prehearing conference was held on July 7, 2022, on both petitions. The Special Referee noted at 10:25 a.m. that the respondent had not appeared, that there was no request for an adjournment, and that an attempt to contact the respondent had been unsuccessful. Nevertheless, the Special Referee adjourned the prehearing conference to July 28, 2022, and scheduled the hearing for August 30, 2022, and August 31, 2022. As directed by the Special Referee, the Grievance Committee notified the respondent by first-class mail and certified mail of the newly scheduled dates. On July 28, 2022, the respondent again did not appear for the prehearing conference. The hearing proceeded in absentia on August 30, 2022, and August 31, 2022, during which nine fact [*2]witnesses testified and 41 exhibits were admitted into evidence. In a report dated November 30, 2022, the Special Referee sustained all the charges in both petitions. The Grievance Committee now moves to confirm the Special Referee's report, to impose such discipline upon the respondent as the Court deems just and proper, and for such further relief as the Court seem just and equitable. The respondent has neither opposed the instant motion nor interposed any response thereto.
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all the charges in both petitions.
Appellate Division Docket No. 2021-02662
Charges one and two allege that the respondent failed to keep a client reasonably informed about the status of a matter, and failed to promptly comply with a client's reasonable requests for information, in violation of rule 1.4(a)(3) and (4) of the Rules of Professional Conduct (22 NYCRR 1200.0). At the hearing, Donovan Earle testified that in or about November 2017, he retained the respondent in connection with a domestic relations matter and paid him a $4,500 retainer fee. On or about June 7, 2019, Earle signed paperwork to initiate a divorce proceeding that was prepared by the respondent. Although the respondent advised Earle that the divorce action would be served within a few weeks of the date that it was signed, his wife had not been served as of March 30, 2021. Despite repeated requests for a status update, the respondent failed to respond to Earle.
Charges three, four and five allege that the respondent failed to keep a client reasonably informed about the status of a matter, failed to promptly comply with a client's reasonable requests for information, and failed to promptly pay or deliver to a client funds in the lawyer's possession that the client is entitled to receive, in violation of rules 1.4(a)(3), (4) and 1.15(c)(4) of the Rules of Professional Conduct, respectively. In or about July 2019, the respondent was retained by John Widener and Paulette Widener (hereinafter together the Wideners) to represent them in real estate transactions. At the hearing, Paulette Widener testified that the respondent represented the Wideners in the sale of a home in Riverhead, which closed on September 27, 2019, and represented them in the purchase of a home in Yaphank, which closed on October 1, 2019. In or about February 2020, the respondent issued closing statements to the Wideners, indicating that he owed them approximately $900. Despite repeated requests for the $900 and for an explanation as to why they were owed the funds, the respondent failed to remit the funds to the Wideners and failed to provide the requested explanation.
Charges six and seven allege that the respondent failed to keep a client reasonably informed about the status of a matter, and failed to promptly comply with a client's reasonable requests for information, in violation of rule 1.4(a)(3) and (4) of the Rules of Professional Conduct. At the hearing, Denise Monte testified that in or about November 2017, her father, William J. Imhoff, retained the respondent to represent Imhoff in an action against a moving company. Imhoff paid the respondent a $3,000 retainer fee. On January 31, 2019, Imhoff passed away and Monte was appointed as the executor of his estate. Despite repeated requests by Monte for a status update regarding Imhoff's legal matter, the respondent failed to respond to her requests.
Charge eight alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct. At the hearing, Riaz Khokhar testified that in or about 2017, he retained the respondent to represent him in an action involving a dispute with the purchaser of a building that Khokhar sold in 2015. The attorney who represented Khokhar in the transaction, Mohammed Ali, testified that following the closing he retained $150,000 in trust against certain open work permits that existed on the sold property. In or about December 2019, an agreement was reached whereby Khokhar would receive $50,000 from Ali to resolve the open permits and the remainder of the funds when the work was complete. In connection with the agreement, on January 14, 2020, the respondent received a check for $50,000 from Ali, which the respondent deposited into his escrow account. The respondent never advised Khokhar that the respondent had received $50,000 on Khokhar's behalf. Between January 14, 2020, and February 29, 2020, the respondent made no remittances from the escrow account to Khokhar, and the balance in the account went below the amount the respondent was required to maintain as a fiduciary for Khokhar. On February 29, 2020, the ending balance in the respondent's escrow account was $652.
Charges nine and ten allege that the respondent engaged in conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct, respectively, by failing to cooperate with the Grievance Committee and/or failing to comply with this Court's subpoenas in six disciplinary [*3]investigations, including the complaints made by Earle, the Wideners, Khokhar, Monte, and two sua sponte investigations concerning dishonored checks issued from his escrow account.
Appellate Division Docket No. 2022-00220
The verified petition for this docket contains two charges of professional misconduct alleging that the respondent engaged in conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness as a lawyer by failing to cooperate in two additional disciplinary investigations, in violation of rules 8.4(d) and (h) of the Rules of Professional Conduct. The first investigation was commenced based on a complaint filed by client Erik Kirk, which alleged that the respondent failed to communicate with Kirk on three legal matters, one of which involved a real estate transaction in which the respondent received $25,000 as down payment on behalf of Kirk as the seller. At the hearing, Kirk and his new attorney, Joseph Palermo, testified consistently to the allegations in the verified petition and that they attempted to obtain the $25,000 down payment from the respondent without success.
The second investigation was commenced based on a complaint filed by Heather Lucca on behalf of her clients, Scott Romano (hereinafter Scott) and Diana Romano (hereinafter together with Scott, the Romanos), who were the purchasers of certain real property. The complaint alleged, inter alia, that the respondent failed to communicate with the Romanos concerning a down payment that was tendered to the respondent in his capacity as the seller's attorney, and that the respondent issued a check to Scott in the amount of $14,500, which was dishonored. At the hearing, Scott and Lucca testified consistently to the allegations in the verified petition.
Findings and Conclusion
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all the charges in both dockets. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we consider the respondent's failure to appear for the hearing and his disregard of the disciplinary proceeding to be a significant aggravating factor. Moreover, by doing so, the respondent did not avail himself of the opportunity to present evidence in mitigation. The respondent also has a disciplinary history consisting of two admonitions issued close in time to the misconduct alleged in the first petition.
Under the totality of the circumstances, we find that disbarment is warranted (see
Matter of Avigdor, 219 AD3d 37; Matter of Herbert, 206 AD3d 114).
LASALLE, P.J., DILLON, CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ORDERED that on the Court's own motion, the above entitled disciplinary proceedings under Appellate Division Docket Nos. 2021-02662 and 2022-00220 are consolidated; and it is further,
ORDERED that the Grievance Committee's motion to confirm the Special Referee's
report is granted; and it is further,
ORDERED that the respondent, Peter A. Saad, Jr., admitted as Peter Anthony Saad,
Jr., a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Peter A. Saad, Jr., admitted as Peter Anthony Saad,
Jr., a suspended attorney, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter A. Saad, Jr., admitted as Peter Anthony Saad, Jr., a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Peter A. Saad, Jr., admitted as Peter Anthony Saad, Jr., a suspended attorney, has been issued a secure pass by the Office of Court Administration, [*4]it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court